The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May a policy of title insurance be issued in the State of Oklahoma upon the basis of an examination of a duly certified abstract of title prepared by a bonded and licensed abstracter, and a check of instruments filed of record subsequent to the certificate date thereof? Your request for an opinion contains more complete information relating to the question presented. You state: "Some agents writing title insurance in my district have adopted practices which have called into question an issue that involves the definition of 'a duly certified abstract of title prepared by a bonded and licensed abstracter,' as used in the context of the provisions of Oklahoma Statutes, 36 O.S. 5001 [36-5001] et seq. (1959). "Those practices include: "Example 1: A developer plats a new subdivision and orders one base abstract to cover the entire subdivision. This abstract is current as of the filing of the plat and dedication, is certified by a bonded and licensed abstracter and the title agent acquires an attorney's title opinion covering the same. As lots are sold out to the general public the developer does not order a new and separate abstract for each lot. Instead, he furnishes an owner's title policy to the purchaser, issued by the title agent, based on the title opinion as aforesaid and a check of the title record subsequent thereto. "Example 2: The owner of a parcel of property has an abstract which was certified by a bonded and licensed abstracter at the time he purchased. Some years later he desires to sell the property, but instead of having the abstract again brought current, he furnishes an owner's title policy to the new purchaser, issued by the agent, upon an examination of the old abstract and a check of the title records subsequent to the certificate date thereof." Title 36 O.S. 5001 [36-5001] (1971), sets forth qualifications of title insurers, and provides that every policy of title insurance or certificate of title issued by any company authorized to do business in this State shall be counter-signed by some person, partnership, corporation or agency engaged in the abstract of title business in Oklahoma, or by an attorney licensed to practice in the State of Oklahoma duly appointed as agent of a title insurance company. 36 O.S. 5001 [36-5001] continues: "C. . . . provided that no policy of title insurance shall be issued in the State of Oklahoma except after examination of a duly certified abstract of title prepared by a bonded and licensed abstracter as defined herein." Emphasis added 36 O.S. 5004 [36-5004], defining the term "title insurance policy", reflects the legislative intent underlying the requirement that every title insurance policy be issued upon an examination of a duly certified abstract of title prepared by a bonded and licensed abstracter. 36 O.S. 5004 [36-5004] states: "A 'title insurance policy' is any written instrument purporting to show the title to real or personal property or any interest therein or encumbrance thereon, or to furnish such information relative to real property, which written instrument in express terms purports to insure or guarantee such title or the correctness of such information." 36 O.S. 5004 [36-5004] reflects a Legislative intent that policies of title insurance show the title to real property, and "any interest therein or encumbrance thereon." That intent contemplates that such policies embody representations which are correct and complete as of the date of issuance. Accordingly, it is the public policy of this State, as declared in 36 O.S. 5001 [36-5001], that title insurance be issued upon examination of duly certified abstracts of title. It is, therefore, the official opinion of the Attorney General that no policy of title insurance may be issued in the State of Oklahoma except upon an examination of a duly certified abstract of title prepared by a bonded and licensed abstracter fully reflecting the instruments examined. (JOHN PAUL JOHNSON) (ksg)